

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2009

# Joy v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2339

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Joy v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1815.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1815

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2339

RINALDI JOY,
                                        Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                                        Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-203-370)
Immigration Judge:  Honorable R.K. Malloy

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 25, 2009

Before: BARRY, SMITH and HARDIMAN, Circuit Judges

(Opinion filed: February 27, 2009 )

OPINION

PER CURIAM

        Rinaldi Joy petitions for review of an order of the Board of Immigration Appeals

(BIA). For the reasons below, we will deny the petition for review.

Joy, a native of Indonesia, entered the United States in November 2001. On April 21, 2003, Joy was charged as removable for overstaying his admission period. He conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Joy argued that he would be persecuted in Indonesia based on his Muslim religion. After a hearing, the IJ found Joy's asylum application untimely, denied relief, and ordered Joy removed to Indonesia. The BIA dismissed the appeal. Joy then filed a timely petition for review

We have jurisdiction under 8 U.S.C. § 1252. We may reverse the BIA's decision only if the record permits but one reasonable conclusion which was not the one reached by the Board. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). To be eligible for withholding of removal, Joy must demonstrate that it is more likely than not that his life would be threatened in Indonesia on account of race, religion, nationality, membership in a particular social group, or political opinion. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). To be eligible for relief under the CAT, Joy must demonstrate that it is more likely than not that he would be tortured if removed to Indonesia. 8 C.F.R. § 208.16(c)(2).[1]

Joy argues that his wife's family members may hire someone to harm or kill him because they lost money by investing in an unsuccessful business venture with him.

---

[1] Joy does not challenge the IJ's conclusion that his asylum application was untimely.

2

He asserts that there was already tension between them because his wife was Catholic and converted to Islam to marry him. Joy also points to the religious conflict between Muslims and Christians in Indonesia as support for his claim that he will be persecuted on the basis of his religion. However, as noted by the IJ, Muslims are in the majority in Indonesia and Joy's wife's family was willing to invest with him despite his religion. We agree with the IJ that Joy's problems were purely personal. Joy cannot show that the record compels a finding that it is more likely than not that he would be persecuted or tortured if he is returned to Indonesia.

Accordingly, we will deny the petition for review.